FORM B104 (08/07)                                            2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Norair Savadian | **DEFENDANTS**<br>Shahen Martirossian (Debtor) et al. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Law Offices of Varoujan Agemian<br>c/o Anahid Agemian SBN 128372; 30 N. Raymond Ave., Ste. 205, Pasadena, CA 91103; 626-356-1996 | **ATTORNEYS** (If Known)<br>Armine Singh, Attorney at Law<br>101 N. Brand Blvd., Ste. 1920<br>Glendale, CA 91203 |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Debtor, a real estate broker, and his affiliated companies, defrauded Mr. Savadian, Debtor's client. Then gave him "repayment" check which bounced, in the amount of $176,000.00. Debtor never gave notice of bankruptcy, failed to disclose assets and fraudulently transferred real property to avoid creditors in violation of CA CC 1719 and 3439; 11 USC 547, 548.

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ 176,000.00 |

Other Relief Sought

FORM B104 (08/07), page 2                                              2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR** <br> Shahen Martirosian | | **BANKRUPTCY CASE NO.** <br> 1:15-bk-11139 |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District | **DIVISIONAL OFFICE** <br> Woodland Hills | **NAME OF JUDGE** <br> Martin R. Barash |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

*[signature]*

| **DATE** <br> 11/19/15 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Anahid Agemian |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

**LAW OFFICES OF VAROUJAN AGEMIAN**
Anahid Agemian Bar No. 128372
700 N. Brand Blvd., Ste. 410
Glendale, CA 91203
818-244-0294; FAX 818-547-6875

Attorney for Plaintiff, Norair Savadian

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Shahen Martirosian<br><br>_____<br><br>Norair Savadian, an individual<br><br>                   Plaintiff,<br><br>       vs.<br><br>Shahen Martirosian aka Shahen Martirosyan aka Shawn Martirosian aka Shawn Martirosyan, an individual; Commercial Property Investment, Inc. aka/dba CPI Real Estate Group, Inc., First Class Team Mortgage aka/dba Realty Executives North Hollywood aka/dba Realty Executives Premiere; Virginia Martirosian, an individual; Anahit Harutyunyan, an individual; and DOES 1 through 10, inclusive.<br><br>                   Defendants | Case No.: 1:15-bk-11139-MB<br>Chapter 7<br><br><br><br>Adversary Proceeding Case No.:<br><br>ADVERSARY PROCEEDING FOR:<br><br>1. Damages for Violation of California Civil Code §1719 (Dishonored Check);<br>2. Damages for Breach of Fiduciary Duty;<br>3. Conversion;<br>4. Set-Aside of Transfer (California Civil Code §3439 et seq.); and,<br>5. Set-Aside of Transfer (11 USC §547, 548 et seq.)<br>6. Revocation of Discharge (11 USC §726(e)(1) |

1

ADVERSARY PROCEEDING

Plaintiff, Norair Savadian, "Plaintiff," complains and alleges against Defendants, and each of them, as follows:

## VENUE AND JURISDICTION

Venue and jurisdiction is proper in this Court, as the claims contained herein arise out of Bankruptcy Case number 1:15-bk-11139.

## GENERAL ALLEGATIONS

1. At all times herein mentioned, Plaintiff has been and is a resident of the City of Glendale, County of Los Angeles, State of California.

2. On information and belief, it is alleged that Defendant Shahen Martirosian aka Shahen Martirosyan aka Shawn Martirosian aka Shawn Martirosyan, "Martirosian", is an individual with his residence and business in the County of Los Angeles.

3. On information and belief, it is alleged that Martirosian, at all times herein relevant, was/is a licensed real estate broker/agent doing business in the City of Glendale, County of Los Angeles.

4. On information and belief it is alleged that Martirosian's real estate license number is 01243838, and that he has held such license, which expires on July 21, 2016, since July 21, 2004.

5. On information and belief, it is alleged that Martirosian is a successful gambler who uses other people's money in order to gamble and "earn" income for himself. (Copy of partial "winnings" attached and made a part hereof by this reference as Exhibit 1.)

6. On information and belief, it is alleged that Martirosian receives, and at all relevant times herein received, income from his real estate agent/broker businesses, gambling, other enterprises and his asserted only form of income – as caregiver to Defendant Anahit

2

Harutyunyan, "Anahit", his mother, as well as community assets from his wife, Defendant Virginia Martirosian, "Virginia".

7. On information and belief, it is alleged that in his most recent bankruptcy filing (1:15-bk-11139-MB), Martirosian only disclosed caregiver income, failed and refused to disclose any other income and failed to include all creditors required notice of those proceedings.

8. At all times relevant herein, Plaintiff was unaware of Martirosian's gambling and had no reason to believe Martirossian was anything other than what he represented himself to be, an ethical, savvy, real estate agent or broker who would protect and enhance Plaintiff's finances.

9. On information and belief, it is alleged that Defendant Commercial Property Investment, Inc. dba CPI Real Estate Group, Inc., First Class Team Mortgage, Realty Executives North Hollywood, Realty Executives Premiere, collectively, "Commercial," is a business entity, form unknown, who, at all times herein relevant, conducted business in the City of Van Nuys.

10. On information and belief, on July 3, 2015, the California Bureau of Real Estate, the entity that licenses, regulates and disciplines real estate brokers/agents filed an "Accusation" against Commercial and Martirosian, as Case No. 39870-LA. (Copy attached and made a part hereof by this reference as Exhibit 2.)

11. On information and belief it is alleged that Virginia, is and individual who, at all times herein relevant, was the wife of Martirosian and who, at all times herein relevant, resided in the County of Los Angeles.

12. On information and belief, it is alleged that Anahit, is an individual who, at all times herein relevant, was Martirosian's mother and who, at all times herein relevant, resided in the County of Los Angeles..

13. Plaintiff is ignorant of the true names and capacities of Defendants and each of them sued herein as DOES 1 through 10, inclusive, and therefore sues said Defendants, and each of them, by such fictitious names. At such time as Plaintiff learns the true names of said Defendants, and each of them, Plaintiff will ask leave of court to amend this Complaint, to assert their true names and capacities.

14. On information and belief, it is alleged that each of the Defendants named herein was acting as the agent, servant, and/or employee of each of the other Defendants in the commission of all acts alleged herein, within the course and scope of such agency or employment, and that as a result thereof, each Defendant is liable to Plaintiff for the acts and conduct of each of the other Defendants.

15. On information and belief, it is alleged that Martirosian was, and is, at all relevant times herein, doing business as Commercial.

16. On information and belief, it is alleged that Martirosian, at all relevant times herein, was the officer, director and/or shareholder of Commercial.

17. On information and belief, it is alleged that and that Commercial and DOES 1 through 10, inclusive are the alter egos of Martirosian. As such, justice and equity can best be accomplished and fraud and unfairness avoided by a disregard of the distinct entity and/or form and by the Court piercing the corporate veil to allow liability against Defendants, and each of them, jointly and severally, for the matters complained of herein.

18. On information and belief, it is alleged that in or about the latter part of 2014, Plaintiff retained Martirosian, Commercial and DOES 1 through 10, inclusive, in relation to a real estate purchase which would be purchased for a low amount and then sold for a profit, what is referred to as "flipping".

19. On information and belief, it is alleged that as part of this real estate purchase, Martirosian and Commercial, on behalf of themselves and all other Defendants, represented to Plaintiff that by investing $80,000.00 into the purchase, he would recoup $176,000.00 from the transaction.

20. Based on the representations made by Martirosian and Commercial, on behalf of themselves and all other Defendants, Plaintiff tendered to Martirosian, Commercial and DOES 1 through 10, inclusive, $80,000.00.

21. On information and belief, it is alleged that the transaction identified herein, was concluded in January, 2015.

22. Since January, 2015, Plaintiff has been demanding, of Martirosian, Commercial and DOES 1 through 10, inclusive, that they pay him the promised return on his contribution toward the purchase of real property.

23. On information and belief, it is alleged that Martirosian filed Chapter 7 bankruptcy petitions in 2012 which were dismissed on May 2, 2012 and November 16, 2012.

24. The most recent bankruptcy petition was filed on April 2, 2015 and discharged on September 15, 2015 without notice to Plaintiff.

25. On information and belief, it is alleged that from 2012 through the present, Martirosian and Virginia have engaged in transfers of assets designed to defraud their creditors.

26. While it is unknown, at present, how title was originally held to real property located at 4705 Excellente Dr., Woodland Hills, CA, 91364, "subject property", what is known is that since 2012 subject property has been transferred from Martirosian to Virginia and from Virginia to Martirosian several times.

27. On information and belief, it is alleged that Martirosian's only income is as a care-giver to Anahit, who presumably has no assets thereby entitling her to a "care-giver".

28. On July 24, 2015, the subject property, a community property asset of Martirosian, was transferred from Virginia to Anahit.

29. On information and belief, it is alleged that on July 24, 2015, Anahit, someone who ostensibly has no form of income, on paper, received $600,000.00 from a suspended corporation City National Finance so that a Deed of Trust could be recorded on subject property and the subject property could be transferred to Anahit.

30. On information and belief, it is alleged that Defendants, and each of them, continue to reside in subject property.

## FIRST CAUSE OF ACTION

Dishonored Check (Violation of CC §1719)

(By Plaintiff Against All Martirosian, Commercial, DOES 1 through 10)

31. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 30 as though fully set forth herein.

32. In or about July, 2015, Martirosian, on behalf of himself and all Defendants, gave Plaintiff a check, number 1341, from an account identified as belonging to "CPI Real Estate Group,

6

ADVERSARY PROCEEDING

Inc., Realty Executives Premiere Escrow Division", in the amount of $176,000.00, "check #1". (Copy attached and made a part hereof by this reference as Exhibit 3.)

33. Check #1 was presented to Citibank for payment, but the bank refused to honor the check as there were insufficient funds in Defendants' account to pay the face amount of the check.

34. In or about September, 2015, Martirosian, on behalf of himself and all Defendants, gave Plaintiff a check, number 1153, from an account identified as belonging to "Realty Executives Premiere", in the amount of $176,000.00, "check #2". (Copy attached and made a part of herein by this reference as Exhibit 4.)

35. Check #2 was presented to Citibank for payment, but the bank refused to honor the check as there were insufficient funds in Defendants' account to pay the face amount of the check.

36. Plaintiff has made verbal and written demand on Defendants, and each of them, to pay the face amount of the dishonored check(s) to Plaintiff.

37. Defendants, and each of them, have failed and refused to make payment as demanded.

38. Plaintiff is entitled to the amount of the check, $176,000.00 from Defendants and each of them.

## SECOND CAUSE OF ACTION

Breach of Fiduciary Duty

(By Plaintiff Against Martirosian, Commercial, DOES 1 through 10)

39. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 30 and 32 through 38 as though fully set forth herein.

40. On information and belief, it is alleged that Plaintiff retained Defendants, and each of them, as real estate agents/brokers, to represent him in a real estate transaction in 2014, "project".

41. On information and belief, it is alleged that Martirosian, Commercial and DOES 1 through 10 represented, to Plaintiff, that if he entrusted them with $80,000.00 in the project, he would be able to recoup $176,000.00 upon the closing of the escrow on that transaction.

42. In addition to being Plaintiff's real estate agent/broker on the transaction at issue herein, Martirosian, Commercial and DOES 1 through 10, were in a joint venture with Plaintiff in project.

43. On information and belief, it is alleged that Martirosian, Commercial and DOES 1 through 10 represented to Plaintiff, in or about January, 2015, through a document entitled "Amended Escrow Instructions" that when the project was concluded Plaintiff would receive $184,700.00. (Copy attached and made a part hereof by this reference as Exhibit 5.)

44. On information and belief, it is alleged that as a result of the relationship between Plaintiff and Martirosian, Commercial and DOES 1 through 10, Plaintiff enjoyed a fiduciary relationship with Martirosian, Commercial and DOES 1 through 10.

45. As a result of this fiduciary relationship, Martirosian, Commercial and DOES 1 through 10 owed Plaintiff a duty of care and the highest fidelity in order to avoid harm to Plaintiff.

46. On information and belief, it is alleged that, in violation of the fiduciary duty owed by Martirosian, Commercial and DOES 1 through 10 to Plaintiff, in late 2014 and throughout 2015, Defendants, and each of them, undertook a chain of events designed to deprive Plaintiff of the financial benefit of the project, the initial $80,000.00 deposited into the project and the profit to be gained from project, all to Defendants' benefit and the detriment of Plaintiff.

47. As a direct result of the breach of fiduciary duty, on the part of Defendants, and each of them, Plaintiff has suffered losses in the minimum amount of $176,000.00, all according to proof at trial.

48. Defendants', and each of their actions, as alleged herein, were done with conscious disregard to the rights to Plaintiff and was done through fraud, with malice and oppression towards Plaintiff, as defined in California *Civil Code* §3294, thereby entitling Plaintiff to an award of exemplary damages against Defendants, and each of them, all according to proof at trial.

## THIRD CAUSE OF ACTION

Conversion

(By Plaintiff Against All Defendants)

49. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 30, 32 through 38 and 40 through 48 as though fully set forth herein.

50. On information and belief, it is alleged that Plaintiff is, and was at all times herein relevant, the owner of or entitled to immediate possession of monies paid to Defendants and each of them through project, $80,000.00.

51. On information and belief, it is alleged that Defendants, and each of them, misappropriated monies, as alleged herein, in the minimum amount of $176,000.00, for their own use.

52. On information and belief, it is alleged that Defendants, and each of them, wrongfully retained $80,000.00 Plaintiff deposited for the benefit of project.

53. On information and belief, it is alleged that Defendants, and each of them, wrongfully withheld and used, for their own purposes, $176,000.00 rightfully belonging to Plaintiff.

54. As a result of the acts of Defendants, and each of them, Plaintiff has been damaged in an amount no less than $176,000.00, all according to proof at trial.

55. Defendants', and each of their actions, as alleged herein, were done with conscious disregard to the rights to Plaintiff and was done through fraud, with malice and oppression towards Plaintiff, as defined in California *Civil Code* §3294, thereby entitling Plaintiff to an award of exemplary damages against Defendants, and each of them, all according to proof at trial.

## FOURTH CAUSE OF ACTION

Set-Aside of Transfer (California Civil Code §3439)

(By Plaintiff Against All Defendants)

56. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 30, 32 through 38, 40 through 48 and 50 through 55 as though fully set forth herein.

57. As early as Fall, 2014, Defendants, and each of them, knew that Plaintiff had a claim against them as a result of the project.

58. By in or about May, 2015, the claim of Plaintiff against Defendants and each of them, known to Defendants and each of them, was in the approximate amount of $184,000.00.

59. In or about May, 2015, Martirosian failed to disclose, in his bankruptcy petition filed in May 2015 that Plaintiff was a creditor of Martirosian.

60. On information and belief, it is alleged that Martirosian failed to disclose, in his bankruptcy petition that he received income from both his real estate business and his gambling.

61. On information and belief, it is alleged that the subject property is, and at all relevant times herein was, community property of Martirosian and Virginia.

62. On information and belief, it is alleged that in July, 2015, Defendants, and each of them, conspired to and did transfer subject property to Anahit, Martirosian's mother, believed to be an individual with no income or other assets. (Copy of title attached and made a part hereof by this reference as Exhibit 6.)

63. On information and belief, it is alleged that this transfer was not only made to a relative, and an "indigent" one at that, but was made without disclosing the relationship between the parties and without receiving adequate consideration.

64. On information and belief, it is alleged that the subject property had, recorded against it in July, 2015, liens in excess of $1million.

65. On information and belief, it is alleged that before lenders allowed loan applications to be approved to Defendants, and each of them, they made a determination that the subject property was valued in excess of their lien amounts.

66. On information and belief, it is alleged that the transfer of subject property, by Defendants, and each of them, to Anahit, was made in the amount of $600,000.00.

67. On information and belief, it is alleged that as a result of the transfer of subject property to Anahit, a Deed of Trust, in the amount of $600,000.00 recorded as Instrument No. 20150905836, Official Records of the County of Los Angeles. (Copy attached and made a part hereof by this reference as Exhibit 7.)

68. On information and belief, it is alleged that this transfer, as alleged above, was made in order to avoid the claims of Plaintiff in violation of California *Civil Code* §3439.

69. On information and belief, it is alleged that Plaintiff is, and has been throughout the relevant times herein, entitled to receive, from Defendants and each of them, at least $176,000.00.

70. On information and belief, it is alleged that Martirosian, Commercial, Virginia and DOES 1 through 10, transferred subject property to Anahit, in July, 2015.

71. On information and belief, it is alleged that the transfer of subject property, as alleged herein, was done to bar Plaintiff from using the subject property to satisfy Defendants, and each of their, debt to Plaintiff.

72. On information and belief, it is alleged that Anahit was aware of Defendants, and each of their intent to deprive Plaintiff collection of his debt against Defendants, and each of them, when she accepted transfer of the subject property in the amount of $600,000.00.

12

ADVERSARY PROCEEDING

73. On information and belief it is alleged that, at the time of the transfer as complained of herein, the value of subject property was well in excess of $600,000.00 so that the "sale price" was inadequate in relation to the value of the subject property.

74. On information and belief, it is alleged that as a direct result of the transfer, as alleged herein, Plaintiff has been damaged in the least amount of $176,000.00 according to proof at trial.

75. As a result of the fraudulent transfer, as alleged herein, Plaintiff is entitled to a set aside of that transfer i.e. the subject property to Anahit.

76. Defendants', and each of their actions, as alleged herein, were done with conscious disregard to the rights to Plaintiff and was done through fraud, with malice and oppression towards Plaintiff, as defined in California *Civil Code* §3294, thereby entitling Plaintiff to an award of exemplary damages against Defendants, and each of them, all according to proof at trial.

## FIFTH CAUSE OF ACTION

Set-Aside of Preferential Transfer (11 USC §§547, 548)

(By Plaintiff Against All Defendants)

77. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 30, 32 through 38, 40 through 48, 50 through 55 and 58 through 76 as though fully set forth herein.

78. As early as Fall, 2014, Defendants, and each of them, knew that Plaintiff had a claim against them as a result of the project.

79. By in or about May, 2015, the claim of Plaintiff against Defendants and each of them, known to Defendants and each of them, was in the approximate amount of $184,000.00.

80. In or about May, 2015, Martirosian failed to disclose, in his bankruptcy petition filed in May 2015 that Plaintiff was a creditor of Martirosian.

81. On information and belief, it is alleged that Martirosian failed to disclose, in his bankruptcy petition that he received income from both his real estate business and his gambling.

82. On information and belief, it is alleged that the subject property is, and at all relevant times herein was, community property of Martirosian and Virginia.

83. On information and belief, it is alleged that in July, 2015, Defendants, and each of them, conspired to and did transfer subject property to Anahit, Martirosian's mother, believed to be an individual with no income or other assets. (Exhibit 6.)

84. On information and belief, it is alleged that this transfer was not only made to a relative, and an "indigent" one at that, but was made without disclosing the relationship between the parties and without receiving adequate consideration.

85. On information and belief, it is alleged that the subject property had, recorded against it in July, 2015, liens in excess of $1.5 million.

86. On information and belief, it is alleged that before lenders allowed loan applications to be approved to Defendants, and each of them, they made a determination that the subject property was valued in excess of their lien amounts.

87. On information and belief, it is alleged that the transfer of subject property, by Defendants, and each of them, to Anahit, was made in the amount of $600,000.00.

88. On information and belief, it is alleged that the transfer of subject property, by Defendants, and each of them to Anahit was a preferential transfer as Anahit is the mother of Martirosian, the mother-in-law of Virginia, and also because the subject property is one in which Defendants and each of them resided at the time of Martirosian's last bankruptcy petition as well as currently.

89. On information and belief, it is alleged that as a result of the transfer of subject property to Anahit, a Deed of Trust, in the amount of $600,000.00 recorded as Instrument No. 20150905836, Official Records of the County of Los Angeles. (Exhibit 7.)

90. On information and belief, it is alleged that this transfer, as alleged above, was made in order to avoid the claims of Plaintiff in violation of California *Civil Code* §3439.

91. On information and belief, it is alleged that Plaintiff is, and has been throughout the relevant times herein, entitled to receive, from Defendants and each of them, at least $176,000.00.

92. On information and belief, it is alleged that Martirosian, Commercial, Virginia and DOES 1 through 10, transferred subject property to Anahit, in July, 2015.

93. On information and belief, it is alleged that the transfer of subject property, as alleged herein, was done to bar Plaintiff from using the subject property to satisfy Defendants, and each of their, debt to Plaintiff.

94. On information and belief, it is alleged that Anahit was aware of Defendants, and each of their intent to deprive Plaintiff collection of his debt against Defendants, and each of them, when she accepted transfer of the subject property in the amount of $600,000.00.

95. On information and belief it is alleged that, at the time of the transfer as complained of herein, the value of subject property was well in excess of $600,000.00 so that the "sale price" was inadequate in relation to the value of the subject property.

96. On information and belief, it is alleged that as a direct result of the transfer, as alleged herein, Plaintiff has been damaged in the least amount of $176,000.00 according to proof at trial.

97. Defendants', and each of their actions, as alleged herein, were done with conscious disregard to the rights to Plaintiff and was done through fraud, with malice and oppression towards Plaintiff, as defined in California *Civil Code* §3294, thereby entitling Plaintiff to an award of exemplary damages against Defendants, and each of them, all according to proof at trial.

98. The allegations made herein, against Defendants, and each of them, states a claim for violation of 11 U.S.C. §547 and §548 thereby requiring that the transfer, as alleged herein, be set aside pursuant to 11 U.S.C. §547.

## SIXTH CAUSE OF ACTION

Revocation of Discharge (11 USC §726(e)(1))

(By Plaintiff Against Martirosian)

99. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 30, 32 through 38, 40 through 48, 50 through 55, 58 through 74 and 76 through 98 as though fully set forth herein.

100. On April 2, 2015, Martirosian filed Chapter 7 bankruptcy petition – case number 1:15-bk-11139-MB, "BK case".

101. At the time BK case was filed by Martirosian he knew that Plaintiff was a creditor to whom Martirosian owed at least $176,000.00.

102. Nonetheless, Martirosian did not disclose, to the court, that Plaintiff was a creditor.

103. On October 8, 2015, Plaintiff filed, in Los Angeles Superior Court, Case number EC 064308 against Martirosian, "State case". The claim was only for the dishonored check, as alleged herein.

104. At the time of the filing of State case, Plaintiff was unaware of the BK case as he was not listed as a creditor nor was he provided any notification of the BK case in any other method.

105. Upon attempting to locate Martirosian in order to serve him with summons and complaint on State case, Plaintiff became aware of the BK case on November 5, 2015.

106. Had Martirosian identified Plaintiff as a creditor Plaintiff would have been able to object timely to the discharge entered, in BK case, on September 15, 2015.

107. Throughout the BK case, Martirosian had been communicating with Plaintiff, telling him that the money owed to him would be paid. Yet, at no time did Martirosian disclose that a BK case had been filed nor that a discharge had been entered.

108. Upon reviewing the BK case, it is clear that Martirosian failed to disclose not only that Plaintiff was a creditor, but that Martirosian had income and assets not included in his Chapter 7 petition.

109. As a result of Martirosian's acts, as alleged herein, revocation of discharge, under 11 USC §727(e)(1) is required as Martirosian's acts, as alleged herein, were done with the intent to defraud creditors, an intent realized by his actions.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, as follows:

### First and Second Causes of Action

1. Judgment in the amount of $176,000.00 with interest, at 10%, from July 24, 2015 until the full amount is paid.

### Third Cause of Action

2. Judgment in the amount of $176,000.00 with interest, at 10%, from July 24, 2015 until the full amount is paid;

3. Punitive damages according to proof;

### Fourth and Fifth Causes of Action

4. Declaration that transfer of the subject property was made as a preferential and fraudulent transfer;

5. Set-Aside of the transfer of subject property;

### Sixth Cause of Action

6. Revocation of Discharge;

### All Causes of Action

7. For attorneys' fees and costs; and,

8. For any further relief the Court may deem proper.

**LAW OFFICES OF VAROUJAN AGEMIAN**

DATED: November 19, 2015

By: _____
Anahid Agemian
Attorney for Plaintiff Norair Savadian

18

ADVERSARY PROCEEDING