**CHASE** | PRIVATE CLIENT

Date: August 07, 2015  107198    Account: 703/2967112061/0

We're subtracting funds and charging a returned-check fee from your account ending in 2061.

Dear NORAIR SAVADIAN,
A check(s) previously deposited to your account was returned unpaid to us.

Advice = 107198
NORAIR SAVADIAN
1775 ALLEN AVE
GLENDALE CA  91201-1268

| Return Reason | Deposit Date | Internal Seq # | Item Amount |
|---|---|---|---|
| NSF 1st | 08/05/2015 | 99007525 | $176,000.00 |

Funds are not sufficient to cover the check. You may deposit the check again.

We've received the check(s) from the paying bank and will:
-Subtract the amount of the returned check(s) which was previously deposited, and
-Enclose a legal copy of the original check(s) that can be used in place of the original check(s)

1 Checks Charged Totaling: $176,000.00
Total Returned Check Fees: $0.00

If you have questions, please call us at 800-935-9935. Thank you for choosing Chase.

Sincerely,
Tom Horne
Senior Vice President
Chase Customer Service

LCEXC2SA1114
JPMorgan Chase Bank, N.A. Member FDIC

*111900057*
08/07/2015
99007525
This is a LEGAL COPY of your check. You can use it the same way you would use the original check.

RETURN REASON-A
NOT SUFFICIENT FUNDS

NSF

CPI REAL ESTATE GROUP INC.
REALTY EXECUTIVES PREMIERE
ESCROW DIVISION
14349 VICTORY BLVD STE 200
VAN NUYS CA 91401-6515

1341
11-35/1210 CA
91591

DATE 07-28-15

PAY TO THE ORDER OF Norair Savadian    $ 176,000

One Hundred Seventy Six Thousand    DOLLARS

Bank of America
ACH R/T 121000358

FOR _____

⑆001341⑆ ⑉121000358⑊ 3250259122001⑆

EXHIBIT 3

⑆001341⑆ ⑉121000358⑊    3250259122001⑆    ⑆00176000000⑆

DEBIT ADVICE
09231856

8533                          09/23/15                    1018

## Citibank, N.A

WE DEBIT YOUR ACCOUNT AS FOLLOWS

Deposited item was returned unpaid (refer to check). Please review your account to insure a sufficient balance. If overdrawn, holds may be placed on your other accounts until the overdraft is resolved. If you have any questions, please call CitiPhone Customer service at 1-800-627-3999 (Consumers) or 1-877-528-0990 (Business). Hearing or speech impaired clients may call our text telephone service at 1-800-945-0258 (TDD). Representatives are available to assist you 24 hours a day, 7 days a week.

DEBIT
280                 ACCOUNT NO.

THE $12 SERVICE CHARGE PER DEPOSITED ITEM RETURNED
HAS BEEN INCLUDED IN YOUR MONTHLY ACCOUNT ANALYSIS
STATEMENT

NORAIR M SAVADIAN
1775 ALLEN AVE
GLENDALE CA 91201-1268

176000.00

DEBIT THIS AMOUNT
$                    176000.00

⑉09231856⑉  ⑈321171184⑈  04200757112 0⑉

⑉000009&100⑉   ⑉1153⑉ ⑈121400358⑈ 325002520731⑉ 4E51100⑉

[Check image - rotated 180°]

1153
REALTY EXECUTIVES PREMIERE
16949 VICTORY BLVD STE 300
VAN NUYS, CA 91406-4618

DATE 9-15-2015

PAY TO THE ORDER OF  Norair Savadian  $ 176,000

One Hundred Seventy Six Thousand  DOLLARS

Bank of America

FOR _____

⑉1153⑉ ⑈121400358⑈ 325002520731⑉

NSF

RETURN REASON (A)
NOT SUFFICIENT FUNDS

This is a LEGAL COPY of your check. You can use it the same way you would use the original check.

09/23/2015

EXHIBIT 4



**Realty Executives Premiere**
## Escrow Division

14349 Victory Blvd., #200 • Van Nuys, CA 91401 • Phone: (818) 285-8620 • Fax: (818) 781-7876

Brett Nelson
Escrow Officer

Date: January 8, 2015
Escrow No.: 001644

AMENDED ESCROW INSTRUCTIONS

Property Address:    10000 Lubao Ave., Chatsworth, CA  91311

THE ABOVE NUMBERED ESCROW IS HEREBY AMENDED AND/OR SUPPLEMENTED AS FOLLOWS:

Close of escrow is hereby amended to be January 16, 2015, Upon Close of escrow the undersigned hereby agree and instruct Escrow Holder to release $114,700.00 to Norair Savadian.

| | |
|---|---|
| Initial Deposit | $70,000.00 |
| Net Proceed | $114,700.00 |
| Total to Norair Savadian | $184,700.00 |

ALL OTHER TERMS AND CONDITIONS TO REMAIN THE SAME.

**SELLERS:**

_____
Julia Freed

**BUYERS:**

_____
Velantro Homes LLC

EXHIBIT 5

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003. All rights reserved.

**This page is part of your document - DO NOT DISCARD**



# 20150905835



**Pages:**
**0003**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**07/24/15 AT 02:14PM**

| | |
|---|---:|
| FEES: | 25.00 |
| TAXES: | 3,360.00 |
| OTHER: | 0.00 |
| PAID: | 3,385.00 |



**LEADSHEET**



201507243280072

00010913361



006983350

**SEQ:**
**01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

E497023

EXHIBIT ___6___

**RECORDING REQUESTED BY:**
PACIFIC COAST TITLE COMPANY

**AND WHEN RECORDED MAIL TO:**

Anahit Harutyunyan
4705 Excelente Drive
Woodland Hills, Ca 91364

THIS SPACE FOR RECORDER'S USE ONLY:

Title Order No.: 98816057-88           Escrow No.: 000512-RN
APN#:2076-009-031           **GRANT DEED**

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
DOCUMENTARY TRANSFER TAX is $660.00   $City $2700.00$
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[X] Unincorporated area   [ ] City of Los Angeles AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Virginia Martirossian, a Married Woman, as her sole and separate property**

hereby GRANT(s) to:

**Anahit Harutyunyan, a single woman**

the real property in the County of Los Angeles, State of California, described as:
LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF
**Also Known as**: 4705 Excelente Drive, Woodland Hills, CA 91364

Dated July 6, 2015

_____
Virginia Martirossian

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF Los Angeles
On 7/8/2015 before me, Arpi O. Nazaryan                    A Notary Public
personally appeared Virginia Martirossian                   who proved to me on the
basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

ARPI O. NAZARYAN
Commission # 2013326
Notary Public - California
Los Angeles County
My Comm. Expires Mar 18, 2017

Signature _Arpi O. Nazaryan_ (Seal)

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS SHOWN ABOVE:

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

PRELIMINARY REPORT

Pacific Coast Title Company
ORDER NO.: 98816057-88

## LEGAL DESCRIPTION

## EXHIBIT "A"

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 209 OF TRACT NO. 9098, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 132, PAGE(S) 14 THROUGH 36 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS AND MINERAL RIGHTS IN AND UNDER SAID LAND, WITHOUT RIGHT OF INGRESS AND EGRESS UPON THE SURFACE OR WITHIN 500 FEET OF THE SURFACE OF SAID LAND, BY DEED RECORDED IN BOOK D271 PAGE 282, OFFICIAL RECORDS.

CLTA Preliminary Report Form - Modified (11-17-06)

**This page is part of your document - DO NOT DISCARD**



# 20150905836



**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**07/24/15 AT 02:14PM**

Pages: 0007

| | |
|---|---:|
| FEES: | 58.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 58.00 |



**LEADSHEET**

201507243280072

00010913362

006983350

**SEQ:
02**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

E497023

EXHIBIT 7

RECORDING REQUESTED BY:
Pacific Coast Title

MAIL TAX STATEMENTS AND
WHEN RECORDED MAIL TO:
City National Finance
P.O. Box 4192
Glendale, CA 91222

Escrow: 512-RN   Order: 98816057-88

APN: 2076-009-031

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

# DEED OF TRUST AND ASSIGNMENT OF RENTS

**This DEED OF TRUST**, made July 15, 2015, between Anahit Harutyunyan, herein called Trustor, whose address is 4705 Excelente Drive, Los Angeles, CA 91364 and Orange Coast Title herein called TRUSTEE, and City National Finance, herein called BENEFICIARY,

**WITNESSETH:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in the County of Los Angeles, State of California, described as:

4705 Excelente Drive, Los Angeles, CA 91364.

Legal Descriptions: SEE EXHIBIT "A", ATTACHED HERETO AND MADE A PART HEREOF.

**TOGETHER WITH** the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

**For the Purpose of Securing:** (1) Performance of each agreement of Trustor incorporated by reference or contained herein. (2) Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the **PRINCIPAL SUM OF $600,000.00** executed by Trustor in favor of Beneficiary or order. (3) Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it so secured.

The following is a copy of provisions (1) to (14), inclusive, of the fictitious Deed of Trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as set forth at length therein.

**To protect the Security of this Deed of Trust, Trustor Agrees:**
(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

*H. A*

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do, without notice to or demand upon Trustor, and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such monies received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto". Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving onto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

H.A

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

Dated: 07/15/2015

_____
Anahit Harutyunyan, Trustor

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA        }
                           }ss
COUNTY OF LOS ANGELES

On _July 22, 2015_ before me _David Shakhnazaryan_, Notary Public,

personally appeared _Anahit Harutyunyan_
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

DAVID SHAKHNAZARYAN
Commission # 2080440
Notary Public - California
Los Angeles County
My Comm. Expires Sep 1, 201_

SPACE ABOVE RESERVED FOR NOTARY SEAL

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _Los Angeles_

On _July 22, 15_ before me, _David Shakhnazaryan_,
A Notary Public personally appeared _Anahit Kanutyunyan_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

DAVID SHAKHNAZARYAN
Commission # 2080440
Notary Public - California
Los Angeles County
My Comm. Expires Sep 1, 2018

(Seal)

**DO NOT RECORD**

**REQUEST FOR FULL RECONVEYANCE**
To be used only when note has been paid.

A reconveyance will be issued upon presentation to _____ of this request properly signed and accompanied by the reconveyance fee, the Deed of Trust, the original Note or Notes secured by said Deed of Trust, and any receipt or document evidencing any other indebtedness secured thereby.

TO:_____, TRUSTEE:

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now hold by you under the same.

Dated: _____

_____                MAIL TAX RECONVEYANCE TO:
Beneficiary Name:

_____                _____
Beneficiary Name:

_____                _____
Beneficiary Name:

_____                _____
Beneficiary Name:

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures.  Both must be delivered to the Trustee at _____ for cancellation before reconveyance will be made.

PRELIMINARY REPORT                                           Pacific Coast Title Company
                                                             ORDER NO.: 98816057-88

## LEGAL DESCRIPTION

## EXHIBIT "A"

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 209 OF TRACT NO. 9098, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 132, PAGE(S) 14 THROUGH 36 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS AND MINERAL RIGHTS IN AND UNDER SAID LAND, WITHOUT RIGHT OF INGRESS AND EGRESS UPON THE SURFACE OR WITHIN 500 FEET OF THE SURFACE OF SAID LAND, BY DEED RECORDED IN BOOK D271 PAGE 282, OFFICIAL RECORDS.